UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NETZAHUALCOYOTL CERNA,<br><br>Defendant. | No. 1:19-cr-00096-NODJ-BAM<br><br>ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255<br><br>(Doc. No. 61) |

**INTRODUCTION**

On October 23, 2019, following a two day jury trial, defendant Netzahualcoyotl Cerna was convicted of all three counts (using or carrying a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c); being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and possession of 50 grams or more of actual methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)) charged in the indictment in this case. (Doc. No. 32.) Thereafter, he was sentenced to the custody of the U.S. Bureau of Prisons (BOP) for an aggregate term of 228 months. (Doc. Nos. 42, 45.) Defendant Cerna appealed and his judgment of conviction and sentence was affirmed by the Ninth Circuit on December 11, 2020. (Doc. Nos. 59, 60.) The Ninth Circuit rejected each of Cerna's arguments presented on appeal, including his argument that this court erred in failing to appropriately analyze the sentencing factors set forth at 18 U.S.C. § 3553(a) at the time of his sentencing. (Doc. No. 59 at 4–5.)

1

On May 6, 2022, defendant Cerna filed the pending pro se motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (Doc. No. 61.) On May 26, 2022 the government filed an opposition to that motion. (Doc. No. 64.) Defendant did not file a reply.

Defendant asserts in his pending § 2255 motion that: (1) his appointed trial counsel failed "to subject the government case to a meaningful adversarial testing as to defendant (sic) request for a jury instruction on the lesser-included offenses;" and (2) he received a "procedurally unreasonable sentence." (Doc. No. 61 at 4–5.)[1] As the government has persuasively argued, neither of these contentions have merit. Accordingly, for the reasons explained below, defendant Cerna's § 2255 motion will be denied.

## LEGAL STANDARD

Title 28 U.S.C. § 2255 allows a federal prisoner to move the sentencing court to vacate, set aside, or correct the sentence if he claims the right to be released upon any of the following four grounds: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *see also United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002).

Rule 4 of the Rules Governing Section 2254 and 2255 Cases provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."

## DISCUSSION

A.  *Defendant Cerna's Ineffective Assistance Of Trial Counsel Claim*

As noted above, defendant Cerna's first claim is that he received ineffective assistance of counsel at his trial because his attorney failed to request a lesser included offense jury instruction. (Doc. No. 61 at 4.) As the government points out in its opposition, this contention is factually

---

[1] In support of his two claims defendant Cerna has merely attached to his form motion the table of contents of the opening brief on appeal filed by counsel on his behalf in the Ninth Circuit. (Doc. No. 61 at 14–17.)

2

1  inaccurate and belied by the court's own record.  (*See* Doc. No. 56 at 18 ("I'm going to give the lesser included offense instruction requested by the defense."); Doc. No. 30 at 20; Doc. No. 35 at 2.)  Because defendant Cerna's trial counsel was successful in his request for a lesser included offense instruction as to Count Three, his performance was not deficient in this regard and defendant's misplaced ineffective assistance of counsel claim must be rejected.

        B.     *Challenge to Defendant's Sentence Due to Failure to Consider § 3553(a) Factors*

Defendant next asserts in vague and conclusory fashion in his § 2255 motion that he received a "procedurally unreasonable sentence."  (Doc. No. 61 at 5.)  As noted, all that defendant submits in support of this claim is the table of contents to the opening brief submitted on his behalf on appeal.  (*Id*. at 14–17.)   That table of contents reflects that on appeal, defendant Cerna argued that this court "erred procedurally, therefore abusing its discretion, by neither examining the requisite § 3553(a) factors nor considering specifically the arguments Cerna made for a below-guidelines-range custodial sentence for count 3."  (*Id*. at 17.)

As recounted above, however, defendant Cerna's conviction was affirmed on appeal.  (Doc. Nos. 59, 60.)  Moreover, in affirming his judgment of conviction and sentence the Ninth Circuit specifically rejected his claim of sentencing error, stating:

> Here, the district court reviewed Cerna's sentencing memorandum, Presentence Investigation Report, and letters, and stated that it would give "due weight" to § 3553(a)'s factors.  The district court did not procedurally err by failing to tick off each sentencing factor under § 3553(a).  *See Carty*, 520 F.3d at 995–96 (holding that a district court did not procedurally err, even without mentioning § 3553(a), because the district judge presided over the defendant's trial, reviewed the Presentence Investigation Report, reviewed the parties' submissions discussing the § 3553(a) factors, and listened to testimony at the sentencing hearing).  Cerna fails to meet the plain-error standard.
>
> Cerna also argues that the district court failed to adequately explain why it rejected his two specific reasons for a downward variance:  (1) Cerna's long-term substance abuse problem fueled his drug dealings; and (2) he could be released early to a charitable organization that would rehabilitate him.  Here, the district court acknowledged Cerna's substance-abuse problems and Cerna's acceptance into a rehabilitation program.  But the district court decided not to vary downward because Cerna's "extensive criminal history" involved selling drugs for more than twenty years.  In sum, the district court considered Cerna's arguments for a downward variance, but the district court rejected them due to Cerna's extensive criminal history.  The district court did not plainly err.

(Doc. No. 59 at 4–5.)

Where, as here, "a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition." *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000) (citing *United States v. Redd*, 759 F.2d 699, 700–701 (9th Cir. 1985); *see also United States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979) ("Issues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding."); *United States v. Whittington*, No. 1:15-cr-00265-DAD-BAM, 2022 WL 3587566, at *3 (E.D. Cal. Aug. 22, 2022). Accordingly, defendant Cerna is not entitled to relief pursuant 28 U.S.C. § 2255 on his claim of procedural sentencing error based upon this court's alleged failure to adequately consider the § 3553(a) factors at the time of his sentencing. That claim has previously been addressed and rejected by the Ninth Circuit.

Having concluded that the pending motion must be denied, the court also declines to issue a certificate of appealability. In this regard, a movant cannot appeal from the denial or dismissal of her § 2255 motion unless she has first obtained a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a movant "must make a substantial showing of the denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). In this case, reasonable jurists cannot debate that movant's § 2255 motion should be denied. Therefore, this court will decline to issue a certificate of appealability.

/////

/////

/////

/////

/////

**CONCLUSION**

For the reasons explained above:

1. Defendant Cerna's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 61) is denied.

2. The court declines to issue a certificate of appealability under 28 U.S.C. § 2253(c); and

3. The Clerk of the Court is directed to again close this case.

IT IS SO ORDERED.

Dated: **January 18, 2024**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE